# BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
## ATTORNEYS AT LAW

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER
DAVID E. SHAVER
GEOFFREY P. NEUMANN
---------------------
CARL BROEGE
*of counsel*

25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY  08736
PHONE: (732) 223-8484
FAX  (732) 223-2416
EMAIL: TIMOTHY.NEUMANN25@GMAIL.COM
GEOFF.NEUMANN@GMAIL.COM

August 17, 2023

Honorable Christine M. Gravelle, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 3

Re:   Michael Sean Ragiel
      Case No. 23-12965/CMG
      Motion for Relief from the Automatic Stay
      filed by Santander Bank, N.A.
      **Return Date:  September 12 @ 10:00 a.m.**

Dear Judge Gravelle:

Please accept this letter brief in lieu of a more formal opposition to the motion of Santander Bank, N.A. (hereinafter "Bank") for stay relief as referenced above (the "Motion"). The Debtor's principal asset is the subject property located at 198 Deer Haven Road, Bedminster, New Jersey 07921(the "Property").

According to the Bank's Motion, the Property has a value of 535,000.00. As of July 31, 2023, the Bank's lien is in the amount of $215,407.00 accruing at 7.74% interest. The aggregate lien against the Property is approximately $330,407.00 leaving an equity cushion of $204,593.00. The Supreme Court has held that the "interest in property" protected by section 361 of the Bankruptcy Code does not include a creditor's right to immediate foreclosure and

thus an undersecured creditor was not entitled to interest on its collateral during the stay to assure adequate protection under Code § 362(d)(1). United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 372, 108 S. Ct. 626, 631, 98 L. Ed. 2d 740 (1988) ("[T]he Creditor's "interest in property" obviously means his security interest without taking account of his right to immediate possession of the collateral on default.") The focus of adequate protection is on the depreciation of the secured creditor's "interest" in the collateral, which is limited to the secured claim as allowed under Code § 506(b). Thus, the equity cushion itself should not be protected. The Eleventh Circuit Court of Appeals has held precisely that and that payment of accruing post petition interest payments as adequate protection is not required. See In re Delta Resources, Inc., 54 F.3d 722 (11th Cir. 1995). See also Matter of M4 Enterprises, Inc., 183 B.R. 981(Bankr. N.D. Ga. 1995); In re Senior Care Properties, Inc., 137 B.R. 527 (Bankr. N.D. Fla. 1992) (equity cushion of oversecured creditor not entitled to adequate protection); In re Alyucan Interstate Corp., 12 B.R. 803 (Bankr. D. Utah 1981); In re McCombs Properties VI, Ltd., 88 B.R. 261 (Bankr. C.D. Cal. 1988); In re Westchase I Associates, L.P., W.D.N.C.1991, 126 B.R. 692. (debtor not required to pay interest to protect oversecured creditor's "equity cushion" during reorganization period, where value of property itself was not declining, even though creditor was only marginally oversecured). Absent evidence that the property value is declining, secured creditors are entitled to no adequate protection payments. In re Adams, 218 B.R. 597 (Bkrtcy. D. Kan. 1998).

Based upon the above principles, it is evident that the Bank is not entitled to periodic payments. The equity cushion alone adequately protects its interest. See In re Dunes Casino Hotel, 69 B.R. 784 (Bkrtcy.D.N.J.1986); In re Tucker, 5 B.R. 180 (Bkrtcy.S.D.N.Y.1980). An

equity cushion is the surplus of value remaining after the amount of indebtedness is subtracted from fair market value of the collateral. In re Craig, Bkrtcy.E.D.Pa.1985, 50 B.R. 289. It has been referred to as the "classic" form of adequate protection. In re Jug End in the Berkshires, Inc., 46 B.R. 892, 899 (Bkrtcy.D.Mass.1985):

> Although not specifically mentioned in § 361, the classic protection for a secured debt justifying continuation of the stay is the existence of an "equity cushion." In re Curtis, 9 B.R. 110, 112 (Bankr.E.D.Penn.1981). An equity cushion is the value in the property above the amount owed to the creditor with a secured claim that will protect that creditor's secured interest from decreasing in value during the period that the automatic stay remains in effect. In re Roane, 8 B.R. 997, 1000 (Bankr.E.D.Pa.1981), aff&#39;d. 14 B.R. 542 (D.C.E.D.Pa.1981). It has been held that an equity cushion, standing alone, can provide adequate protection, In re San Clemente Estates, 5 B.R. 605, 610 (Bankr.S.D.Cal.1980); In re Tucker, 5 B.R.180, 182 (Bankr.S.D.N.Y.1980), and that a sufficient equity cushion can exist although not a single mortgage payment has been made. In re Curtis, supra, at 111.

In assessing whether the equity cushion is sufficient to provide secured creditor with adequate protection, courts must be mindful that surplus of value over debt is inadequate unless there is enough equity to protect creditor during time it is likely to take creditor to obtain full satisfaction of its allowable claim. In re R &amp; H Inv. Co., Inc., Bkrtcy.D.Conn.1985, 46 B.R. 114. In the instant case, the interest accrues at $1,389.00 per month and the equity cushion of $204,593.00 will dwindle only slightly during the time period in which the Debtor proposes to commence making plan payments. If a debtor's equity exceeds the interest of the secured creditor, that interest is adequately protected by the equity cushion, and relief from automatic stay is not warranted. In re Grant, 29 B.R. 375 (Bkrtcy.M.D.Pa.1983).

There was adequate protection precluding relief from the automatic stay where there was an equity cushion of approximately 20 percent of total value. In re Mellor, 734 F.2d 1396 9th Cir.1984). An 18% equity cushion was sufficient to preclude stay relief in In re Senior Care Properties, Inc., 137 B.R. 527 (Bkrtcy.N.D.Fla.1992) and In re Lane, 108 B.R. 6

(Bkrtcy.D.Mass.1989). A 17% equity cushion was adequate in In re Dynaco Corp., 162 B.R. 389 (Bkrtcy.D.N.H.1993. An equity cushion of $430,000 against debt of approximately $2,748,737.55, or only 15.6%, was sufficient to provide "adequate protection" to secured creditor in In re Standard Bldg. Associates, Ltd., 85 B.R. 644 (Bkrtcy.N.D.Ga.1988). An equity cushion of between 15% and 20% was held to constitute adequate protection in In re Rogers Development Corp., 2 B.R. 679 (Bkrtcy.E.D.Va.1980).

In the instant case, as a percentage of total value, the equity cushion is 38.24 % ($204,593.00 equity in property worth at least $535,000.00). This meets the cushion found to be adequate in the above cases. One court measured the equity cushion as a percentage of the debt and found equity equal to 20.4% of the secured debt adequately protected the secured creditor who thus was not entitled to stay relief. In re Helionetics, Inc., 70 B.R. 433 (Bkrtcy.C.D.Cal.1987). Application of the same calculus to the instant case yields an equity cushion that is 95% of the secured debt.

For the foregoing reasons, it is respectfully requested that the Court deny the motion to for stay relief.

> Respectfully submitted,
>
> /s/ *Geoffrey Neumann*
> *Counsel for the Debtor*