UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
215-627-1322n
dcarlon@kmllawgroup.com
Attorneys for Secured Creditor
NewRez LLC, d/b/a Shellpoint Mortgage Servicing

In Re:
    Michael Sean Ragiel,
    a/k/a Sean Ragiel,

Debtor.

Order Filed on February 1, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 23-12965-CMG

Hearing Date: 01/02/2024

Judge: Christine M. Gravelle

## CONSENT ORDER RESOLVING OBJECTION
## TO CONFIRMATION OF CHAPTER 11 PLAN

    The relief set forth on the following pages, numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: February 1, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("Creditor"), holder of a first position mortgage on real property known as 198 Deer Haven Boulevard, NJ 07921 ("Property"), Denise Carlon, Esq. appearing, upon an objection to confirmation of Debtor's Chapter 11 plan, and this Court having considered the representations of attorneys for Secured Creditor and Geoffrey Neumann, Esq., attorney for Debtor, and for good cause having been shown,

IT IS **HEREBY ORDERED** as follows:

1. Except as noted below, Creditor's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property ("Secured Claim"). Creditor's Secured Claim shall be allowed in full in the Chapter 11 Plan, and paid pursuant to the terms of the Note and Mortgage ("Subject Loan"). Creditor's Secured Claim shall be impaired pursuant to Section 1124, solely with respect to curing the arrears as set forth herein.

2. Secured Creditor's lien is and shall be treated as the first lien on the subject property. Pursuant to the recorded subordination agreements, Secured Creditor's lien on the property has priority over the Santander and Susquehanna Bank liens.

3. Debtor shall make regular contractual payments to Creditor ("Contractual Payments") in the amount of **$2,505.21** per month commencing **January 1, 2024** and continuing on the same day of each month thereafter until the outstanding balance owed on Creditor's Secured Claim is paid in full. The Contractual Payment includes an escrow impound for property taxes and/or insurance. This amount is subject to change pursuant to the terms of the Subject Loan. Creditor may apply the Contractual Payments to the Subject Loan consistent with the terms of the pre-petition loan documents and applicable law.

(Page 3)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

4. As of December 27, 2023, the contractual arrears on the Subject Loan totaled $18,245.47 ("Arrears"). Debtor shall make cure payments to Creditor to cure the Arrears ("Cure Payments") over 24 months without interest. Cure Payments of **$760.23** shall commence on **January 1, 2024,** and continue on the first day of each month thereafter until the Arrears are paid in full. Creditor may apply the Cure Payments contractually to the Subject Loan.

5. Except as otherwise expressly provided herein, all remaining terms of the Subject Loan shall govern the treatment of Creditor's Secured Claim.

6. In the event the Debtor defaults on any of the provisions contained in this Order prior to confirmation of the Plan, Creditor may provide the Debtor and the Debtor's counsel with written notice of said default via first class mail ("Default Notice"). In the event the Debtor fails to cure the default amount after the passage of fourteen (14) calendar days from the date of service of the Notice of Default, Creditor shall have relief from the automatic stay to proceed with in rem rights against the Property. The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan by agreement of the Parties. In the event the Debtor defaults on any of the above provisions after confirmation of the Plan, Creditor may proceed with default remedies under the Subject Loan and pursuant to applicable state law.

7. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8. Debtor understands that the Subject Loan may reflect a contractual default while the Cure Payments are being made. However, Creditor shall not proceed with default remedies

(Page 4)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

---

under state law during the 24-month cure period provided that the payments are timely made. Creditor shall not be required to release the Subject Loan from bankruptcy status until entry of a discharge, or the Debtor completes Cure Payments (whichever is later).

9. The above terms allow the Debtor to make Cure Payments to Creditor. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a default, Creditor shall proceed with default remedies as described in this Order. In the event Creditor has previously recorded a Notice of Default or Notice of Sale pursuant to applicable state law based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults under this Order. Nothing in this Order shall be construed as a requirement to rescind a previously recorded notice of default or notice of sale, dismiss a prior foreclosure action or rescind a foreclosure judgment. Nothing in this Order shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

10. The cure terms outlined in this Order are contingent upon confirmation of the Debtor's Chapter 11 Plan. The terms of this Order shall be incorporated into any Amended Plan and/or the Order of Confirmation. Debtor shall attach this Order as an exhibit to any Plan or Order Confirming Plan.

11. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge (if applicable), and entry of a final decree, the terms of this Order shall be void and Debtor shall not be permitted to cure the contractual

(Page 5)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

---

arrears as set forth herein. Instead, Debtor must fully reinstate the Subject Loan in accordance with its contractual terms.

12. Except as expressly provided herein, Debtor waives any and all claims, causes of action, whether known or unknown, it currently has against Creditor and its respective agents, servicers, parents, affiliates, subsidiaries, attorneys, predecessors, current or subsequent holders of the Loan, successors and assigns in relation to the Loan references herein and any and all agreements which exist between them regarding or related to the Loan prior to the date of this Agreement. The above waiver includes any waiver of Debtor's right to object to the validity or amount of the filed Proof of Claim.

13. It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved subject to the terms and provisions of this Order.

I hereby agree and consent to the above terms and conditions:

/s/ Denise Carlon
_____
DENISE CARLON, ESQ., ATTORNEY FOR CREDITOR     Dated:   1/23/2024

I hereby agree and consent to the above terms and conditions:

_____
GEOFFREY NEUMANN, ESQ., ATTORNEY FOR DEBTOR    Dated:  1/23/24

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 23-12965-CMG
Michael Sean Ragiel  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 2
Date Rcvd: Feb 01, 2024     Form ID: pdf903     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 03, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Michael Sean Ragiel, 198 Deer Haven Rd, Bedminster, NJ 07921-2522 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 03, 2024     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 1, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aleisha Candace Jennings | on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing ajennings@raslg.com |
| Angela Catherine Pattison | on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING apattison@hillwallack.com apattison@ecf.courtdrive.com |
| Denise E. Carlon | on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Gavin Stewart | on behalf of Creditor Toyota Motor Credit Corporation bk@stewartlegalgroup.com |
| Geoffrey P. Neumann | on behalf of Debtor Michael Sean Ragiel geoff.neumann@gmail.com timothy.neumann25@gmail.com;btassillo@aol.com;esq.geoffreypn.b127774@notify.bestcase.com |
| Loren L. Speziale | |

District/off: 0312-3 | User: admin | Page 2 of 2
Date Rcvd: Feb 01, 2024 | Form ID: pdf903 | Total Noticed: 1

       on behalf of Creditor c/oLoren L. Speziale Santander Bank N.A. lspeziale@grossmcginley.com jkacsur@grossmcginley.com

Margaret Mcgee
       on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov

Maria Cozzini
       on behalf of Creditor LoanCare LLC mcozzini@sternlav.com

Timothy P. Neumann
       on behalf of Debtor Michael Sean Ragiel timothy.neumann25@gmail.com
       btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;geoff.neumann@gmail.com;neumann.timothyb127774@notify.bestcase.com

U.S. Trustee
       USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 11