**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Timothy P. Neumann, Esq. [TN6429]
Geoffrey P. Neumann, Esq. [59702019]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Tel: (732) 223-8484
timothy.neumann25@gmail.com
geoff.neumann@gmail.com

*Attorneys for Debtor/Debtor-in-Possession*
*Michael Sean Ragiel*

Order Filed on February 28, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

**MICHAEL SEAN RAGIEL,**

    Debtor.

Case No.: 23-12965

Chapter 11

Judge: Christine M. Gravelle

## ORDER CONFIRMING FIRST MODIFIED PLAN OF REORGANIZATION

The relief set forth on the following page(s) numbered two (2) through six (5) is hereby ORDERED.

**DATED: February 28, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2 of 6
In Re:      Michael Sean Ragiel
Case No.:   23-12965/CMG
Caption of Order:   Order Confirming First Modified Plan of Reorganization

This matter being opened to the Court by Broege, Neumann, Fischer & Shaver, LLC, counsel to Michael Sean Ragiel, debtor/debtor-in-possession herein (the "Debtor"), requesting confirmation of the Debtor's First Modified Plan of Reorganization filed as Doc 53 on November 9, 2023 as described in the First Modified Disclosure Statement also filed November 9, 2023 (the "Disclosure Statement") [Dkt. No. 76]; and it appearing that: (i) the Disclosure Statement was approved by the Order of the Court entered on November 16, 2023 [Dkt. No. 56]; (ii) a Certification of Balloting was filed on January 1, 2024 [Dkt. No. 63]; (iii) a *Verified Application Support of Confirmation of the First Modified Disclosure Statement* (the "Supporting Application") [Dkt. No. 62] was filed on January 1, 2024. The Court having conducted a confirmation hearing on February 6, 2024 (the "Confirmation Hearing"); and upon the record of the hearings and all the proceedings held before the Court in this case (the "Chapter 11 Case"); and for the reasons set forth on the record at the Confirmation Hearing; and after due deliberation, and sufficient cause appearing therefore; and

It having been FOUND and DETERMINED, after notice and a hearing, that[1] :

A. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b)(2), and this Court has exclusive jurisdiction to

---

[1] Certain of the terms used herein are defined in the Plan, and except as otherwise provided, such terms when used in this Order shall have the same meaning as set forth in the Plan. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

Page 3 of 6
In Re:        Michael Sean Ragiel
Case No.:    23-12965/CMG
Caption of Order:   Order Confirming First Modified Plan of Reorganization

determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

 B.  This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

 C.  Any person required to receive notice of the hearing on the adequacy of the Disclosure Statement and confirmation of the Plan has received due, proper and adequate notice thereof. All persons having an interest, vested or contingent, present or future, in the Debtor, to the extent such persons can presently be identified, received a copy of the Plan and the Disclosure Statement and due, proper and adequate notice of the Confirmation Hearing, which notice complied with Rule 2002 of the Bankruptcy Rules. Due, proper and adequate notice and an opportunity to appear was given to all persons with any claim against or interest in the Debtor. Any person desirous of reviewing the Plan and Disclosure Statement was afforded such opportunity.

 D. The Debtor, as proponent of the Plan, has satisfied its burden of proving, by a preponderance of evidence, the elements of section 1129(a) and (b) as applicable.

 E.  The requirements for final approval of the disclosure statement have been satisfied, and it having been determined after a hearing on notice that the requirements for confirmation of the plan under 11 U.S.C. §1129 have been satisfied.

Page 4 of 6
In Re:       Michael Sean Ragiel
Case No.:    23-12965/CMG
Caption of Order:   Order Confirming First Modified Plan of Reorganization

F. The requirements for confirmation of the plan under 11 U.S.C. §1129 (a) have been satisfied.

**BASED UPON THE ABOVE FINDINGS, IT IS HEREBY ORDERED** that:

1. The First Modified Chapter 11 Plan and Disclosure Statement filed by Michael Sean Ragiel, the Debtor, on November 9, 2023 is confirmed subject to the terms of this Order.

2. Any unpaid fees owed to the Office of the United States Trustee shall be paid in full by the Effective Date that is 35 days after entry of this Order.

I. **As to the Class I Claim of Santander Bank, N.A. ("Santander")**

3. The treatment of this creditor as stated in the plan is revised and shall be subject to the Consent Order entered into between Santander and the Debtor filed on October 4, 2023 [Dkt. No.: 47] (the "Santander Consent Order"), a true copy of which is annexed hereto as **Exhibit A**.

4. The Santander Consent Order shall be further supplemented to provide for post-petition arrears for the months of December of 2023 through February of 2024 in the amount of $7,464.51 at 7.74% interest for a total post-petition arrearage of $19,599.21. The new plan payment due to Santander shall be in the amount of $2,945.22 (the "Revised Plan Payment") each month for 84 months with payments to commence March 1, 2024. No other provision of the Santander treatment shall be altered from the filed Plan except for that provided herein.

5. The Revised Plan Payment includes the monthly base mortgage payment as well as the cure portion(s) memorialized above but at a variable interest rate pursuant to the Santander proof of claim. Santander shall retain its prepetition lien, and all rights of Santander, to the

Page 5 of 6
In Re:       Michael Sean Ragiel
Case No.:    23-12965/CMG
Caption of Order:   Order Confirming First Modified Plan of Reorganization

extent not inconsistent with the Plan shall remain as set forth in the prepetition loan documents and as provided by applicable nonbankruptcy law. In the event of default the Debtor shall have a 30-day grace period to cure.

6. Santander has agreed to waive service of disclosure following the subordination of its claim to that of NewRez LLC d/b/a Shellpoint Mortgage Servicing. A true copy of that waiver is annexed hereto as **Exhibit B**.

7. To the extent that there are any inconsistencies between the Confirmation Order and the Plan, this Confirmation Order shall control.

II. **As to the Class II Claim of NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez")**

8. The treatment of this creditor as stated in the plan is revised and shall be subject to the Consent Order entered into between NewRez and the Debtor filed on February 1, 2024 [Dkt. No.: 65] (the "NewRez Consent Order"), a true copy of which is annexed hereto as **Exhibit C**.

9. The NewRez Consent Order provides for seniority of its claim to Class I creditor Santander in accordance with the subordination agreement recorded on February 14, 2024. Accordingly, the Santander claim is junior to the NewRez claim. Both NewRez and Santander claims are senior to the Class III claim of Susquehanna Bank, predecessor in interest to Branch Banking and Trust Company.

10. To the extent that there are any inconsistencies between the Confirmation Order and the Plan, this Confirmation Order shall control.

III. **As to the Class III Claim of Branch Banking and Trust Company ("BB&T") as successor in interest to Susquehanna Bank**

Page 6 of 6
In Re:         Michael Sean Ragiel
Case No.:      23-12965/CMG
Caption of Order:   Order Confirming First Modified Plan of Reorganization

11. Neither BB&T nor the Small Business Administration has filed a proof of claim and the exact amount owed is unknown, but the Debtor knows the amount is greater than the value of the Debtor's Property, less the senior Claims of Santander and NewRez. This claim shall be bifurcated in to secured and unsecured pursuant to 11 U.S.C. § 506(a) and (d), its lien partially avoided, and the mortgage partially unsecured. The Debtor proposes to make 84 payments on the secured portion of this obligation at 4% interest in the amount of $51,180.31, which yields $609.29 each month.

12. To the extent that there are any inconsistencies between the Confirmation Order and the Plan, this Confirmation Order shall control.

**IV. As to the Priority Claim of the New Jersey Division of Taxation ("NJ Tax")**

13. The NJ Tax claim in the amount of $12,500.00 is estimated and based upon unreported income of an entity of the Debtor that has done no business during the years of assessment between 2017 and 2023. The Debtor has filed an objection to the NJ Tax claim [Dkt. No. 69] that should result in no tax liability. In the event the NJ Tax claim remains unresolved by the Effective Date, the claim shall be non-dischargeable and paid in full within 1 year of the Effective Date.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
215-627-1322n
dcarlon@kmllawgroup.com
Attorneys for Secured Creditor
NewRez LLC, d/b/a Shellpoint Mortgage Servicing

In Re:
    Michael Sean Ragiel,
    a/k/a Sean Ragiel,

Debtor.

Order Filed on February 1, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 23-12965-CMG

Hearing Date: 01/02/2024

Judge: Christine M. Gravelle

## CONSENT ORDER RESOLVING OBJECTION
## TO CONFIRMATION OF CHAPTER 11 PLAN

    The relief set forth on the following pages, numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: February 1, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

---

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("Creditor"), holder of a first position mortgage on real property known as 198 Deer Haven Boulevard, NJ 07921 ("Property"), Denise Carlon, Esq. appearing, upon an objection to confirmation of Debtor's Chapter 11 plan, and this Court having considered the representations of attorneys for Secured Creditor and Geoffrey Neumann, Esq., attorney for Debtor, and for good cause having been shown,

IT IS **HEREBY ORDERED** as follows:

1. Except as noted below, Creditor's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Property ("Secured Claim"). Creditor's Secured Claim shall be allowed in full in the Chapter 11 Plan, and paid pursuant to the terms of the Note and Mortgage ("Subject Loan"). Creditor's Secured Claim shall be impaired pursuant to Section 1124, solely with respect to curing the arrears as set forth herein.

2. Secured Creditor's lien is and shall be treated as the first lien on the subject property. Pursuant to the recorded subordination agreements, Secured Creditor's lien on the property has priority over the Santander and Susquehanna Bank liens.

3. Debtor shall make regular contractual payments to Creditor ("Contractual Payments") in the amount of **$2,505.21** per month commencing **January 1, 2024** and continuing on the same day of each month thereafter until the outstanding balance owed on Creditor's Secured Claim is paid in full. The Contractual Payment includes an escrow impound for property taxes and/or insurance. This amount is subject to change pursuant to the terms of the Subject Loan. Creditor may apply the Contractual Payments to the Subject Loan consistent with the terms of the pre-petition loan documents and applicable law.

(Page 3)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

4. As of December 27, 2023, the contractual arrears on the Subject Loan totaled $18,245.47 ("Arrears"). Debtor shall make cure payments to Creditor to cure the Arrears ("Cure Payments") over 24 months without interest. Cure Payments of **$760.23** shall commence on **January 1, 2024,** and continue on the first day of each month thereafter until the Arrears are paid in full. Creditor may apply the Cure Payments contractually to the Subject Loan.

5. Except as otherwise expressly provided herein, all remaining terms of the Subject Loan shall govern the treatment of Creditor's Secured Claim.

6. In the event the Debtor defaults on any of the provisions contained in this Order prior to confirmation of the Plan, Creditor may provide the Debtor and the Debtor's counsel with written notice of said default via first class mail ("Default Notice"). In the event the Debtor fails to cure the default amount after the passage of fourteen (14) calendar days from the date of service of the Notice of Default, Creditor shall have relief from the automatic stay to proceed with in rem rights against the Property. The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan by agreement of the Parties. In the event the Debtor defaults on any of the above provisions after confirmation of the Plan, Creditor may proceed with default remedies under the Subject Loan and pursuant to applicable state law.

7. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8. Debtor understands that the Subject Loan may reflect a contractual default while the Cure Payments are being made. However, Creditor shall not proceed with default remedies

(Page 4)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

---

under state law during the 24-month cure period provided that the payments are timely made. Creditor shall not be required to release the Subject Loan from bankruptcy status until entry of a discharge, or the Debtor completes Cure Payments (whichever is later).

9. The above terms allow the Debtor to make Cure Payments to Creditor. Confirmation of the Plan shall not constitute a reinstatement of the Subject Loan as of the Effective Date of the Plan. In the event of a default, Creditor shall proceed with default remedies as described in this Order. In the event Creditor has previously recorded a Notice of Default or Notice of Sale pursuant to applicable state law based on a prior default under the Subject Loan, these documents shall remain in full force and effect in the event the Debtor defaults under this Order. Nothing in this Order shall be construed as a requirement to rescind a previously recorded notice of default or notice of sale, dismiss a prior foreclosure action or rescind a foreclosure judgment. Nothing in this Order shall be construed as a requirement to report the Subject Loan as contractually current to any third party, including credit agencies.

10. The cure terms outlined in this Order are contingent upon confirmation of the Debtor's Chapter 11 Plan. The terms of this Order shall be incorporated into any Amended Plan and/or the Order of Confirmation. Debtor shall attach this Order as an exhibit to any Plan or Order Confirming Plan.

11. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge (if applicable), and entry of a final decree, the terms of this Order shall be void and Debtor shall not be permitted to cure the contractual

(Page 5)
Debtosr: Michael Sean Ragiel, a/k/a Sean Ragiel
Case No: 23-12965-CMG
Caption of Order: CONSENT ORDER RESOLVING OBJECTION TO CHAPTER 11 PLAN

arrears as set forth herein. Instead, Debtor must fully reinstate the Subject Loan in accordance with its contractual terms.

12. Except as expressly provided herein, Debtor waives any and all claims, causes of action, whether known or unknown, it currently has against Creditor and its respective agents, servicers, parents, affiliates, subsidiaries, attorneys, predecessors, current or subsequent holders of the Loan, successors and assigns in relation to the Loan references herein and any and all agreements which exist between them regarding or related to the Loan prior to the date of this Agreement. The above waiver includes any waiver of Debtor's right to object to the validity or amount of the filed Proof of Claim.

13. It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved subject to the terms and provisions of this Order.

I hereby agree and consent to the above terms and conditions:

/s/ Denise Carlon
_____
DENISE CARLON, ESQ., ATTORNEY FOR CREDITOR    Dated:    1/23/2024

I hereby agree and consent to the above terms and conditions:

_____
GEOFFREY NEUMANN, ESQ., ATTORNEY FOR DEBTOR    Dated: 1/23/24

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Loren L. Speziale, Esquire
Gross McGinley, LLP
33 S. 7th Street, PO Box 4060
Allentown, PA  18105-4060
(610) 820-5450
Attorney for Creditor,
Santander Bank, N.A.

Order Filed on October 4, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

MICHAEL SEAN RAGIEL aka SEAN RAGIEL
DEBTOR

| | |
|---|---|
| Case No.: | 23-12965-CMG |
| Judge: | Christine M. Gravelle |
| Hearing Date(s): | Sept. 26, 2023 |
| Chapter: | 11 |

Recommended Local Form    ☒ Followed    ☐ Modified

**ORDER RESOLVING MOTION TO VACATE STAY
AND/OR MOTION TO DISMISS
WITH CONDITIONS**

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: October 4, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

| | |
|---|---|
| Applicant: | Santander Bank, N.A. |
| Applicant's Counsel: | Loren L. Speziale, Esq. |
| Debtor's Counsel: | Geoffrey P. Neumann, Esq. |
| Property Involved ("Collateral"): | 198 Deer Haven Road, Bedminster, NJ |

Relief sought:   ☒ Motion for relief from the automatic stay

☐ Motion to dismiss

☐ Motion for prospective relief to prevent imposition of automatic stay against the collateral by debtor's future bankruptcy filings

For good cause shown, it is **ORDERED** that Applicant's Motion(s) is (are) resolved, subject to the following conditions:

1. Status of post-petition arrearages:

    ☒ The Debtor is overdue for __5__ months, from __May, 2023__ to __September, 2023__.

    ☒ The Debtor is overdue for __5__ payments at $__Variable__ per month.

    ☐ The Debtor is assessed for _____ late charges at $_____ per month.

    ☐ Applicant acknowledges receipt of funds in the amount of $_____ received after the motion was filed.

    Total Arrearages Due  $____12,134.70____.

2. Debtor must cure all post-petition arrearages, as follows:

    ☐ Immediate payment shall be made in the amount of $_____. Payment shall be made no later than _____.

    ☐ Beginning on _____, MONTHLY payments shall continue to be made in the amount of $

    ☐ Beginning on _____, additional monthly cure payments shall be made in the amount of $_____ for _____ months.

2

 ☒ The amount of $___12,134.70___ shall be capitalized in the debtor's Chapter 11 plan. The debtor's monthly payment to the Chapter 11 Trustee is modified to be $ _____ per month.

3.  Payments to the Secured Creditor shall be made to the following address(es):

 ☐ Immediate payment:  _____

           _____

           _____

 ☒ Regular monthly payment:  Santander Bank, N.A._____

           450 Penn Street, PA-450-FB1___

           Reading, PA 19602_____

 ☐ Monthly cure payment:  _____

           _____

           _____

4.  In the event of Default:

 ☒ If the Debtor fails to make the immediate payment specified above or fails to make any regular monthly payment or the additional monthly cure payment within thirty (30) days of the date the payments are due, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, a Certification specifying the Debtor's failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 11 Trustee, the Debtor, and the Debtor's attorney.

 ☐ If the bankruptcy case is dismissed, or if the automatic stay is vacated, the filing of a new bankruptcy case will not act to impose the automatic stay against the Secured Creditor's opportunity to proceed against its Collateral without further Order of the Court.

5. Award of Attorneys' Fees:

☒ The Applicant is awarded attorneys fees of $___650.00___, and costs of $___181.00___.

The fees and costs are payable:

☒ through the Chapter 11 plan.

☐ to the Secured Creditor within _____ days.

☐ Attorneys' fees are not awarded.

*rev.8/1/15*

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Timothy P. Neumann, Esq. [TN6429]
Geoffrey P. Neumann, Esq. [059702019]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
(732) 223-8484
timothy.neumann25@gmail.com
geoff.neumann@gmail.com

*Attorneys for Debtor and Debtor-in-Possession*
*Michael Sean Ragiel*

In Re:

**MICHAEL SEAN RAGIEL,**

    Debtor.

Case No.: 23-12965/CMG

Chapter 11

Judge: Hon. Christine M. Gravelle

Hearing Date: February 6, 2024

## WAIVER OF SANTANDER BANK, N.A.'s RIGHT TO RECEIVE
## MODIFIED DISCLOSURE STATEMENT

    This matter having been brought before the Court by Broege, Neumann, Fischer & Shaver, LLC, attorneys for the above-captioned debtor, Michael Sean Ragiel (the "Debtor ") by filing his First Modified Plan and Disclosure Statement on November 7, 2023 [Dkt. Nos. 53, 54] (the "Plan").

    WHEREAS, the Plan mistakenly classifies the claim of Santander Bank, N.A. ("Santander") as having a first position mortgage on the Debtor's real property located at 198 Deer Haven Road, Bedminster, N.J. 07921 (the "Property"); and

    WHEREAS, the Plan mistakenly classifies the claim of NewRez as having a second position mortgage on the Property; and

    WHEREAS, by virtue of a subordination agreement dated January 7, 2014 and recorded by the Somerset County Clerk on February 14, 2014; Book 6700, Page 3676; Instrument No.

Page 2
Debtor:     Michael Sean Ragiel
Case No.:   23-12965 (CMG)
Caption:    Waiver of Santander Bank, N.A.'s Right to Receive Modified Disclosure Statement

2014005651, the claim of Santander is junior to that of NewRez; and accordingly the claims of NewRez and Santander shall be reversed so that NewRez shall be in first position and Santander shall be in second position; and

WHEREAS the Debtor and NewRez have memorialized the change in lien positions by way of proposed consent order [Dkt. No. 64-2]; and

WHEREAS, because the revised claim priority adversely affects Santander, the typical procedure would be for the Debtor to re-serve Santander with a modified disclosure statement addressing its status as second position lien holder; and

WHEREAS, Santander has waived its right to receive a modified disclosure statement and has agreed to proceed with confirmation as scheduled by the Court; and

WHEREAS, the Debtor and Santander acknowledge and agree this waiver shall not modify the Proof of Claim filed by Santander [Claim 5] or affect the treatment of Santander under the Debtor's Plan; and

WHEREAS, in the event the Court confirms the Debtor's Plan, this waiver shall be annexed to the Debtor's proposed confirmation order.

The parties, through their undersigned counsel hereto, hereby consent to the form and substance of the foregoing waiver:

| GROSS McGINLEY, LLP | BROEGE, NEUMANN, FISCHER & SHAVER, LLC |
|---|---|
| *Attorneys for Santander Bank* | *Attorneys for the Debtor* |
| By: _____ | By:  */s/ Geoffrey Neumann* |
| Loren Speziale, Esq. Dated: January 31, 2024 | Geoffrey Neumann, Esq. Dated: January 30, 2024 |

304061534 v3

2

Page 3
Debtor:    Michael Sean Ragiel
Case No.:  23-12965 (CMG)
Caption:   Waiver of Santander Bank, N.A.'s Right to Receive Modified Disclosure
           Statement

3

304061534 v3

Case 23-12965-CMG    Doc 73    Filed 03/02/24    Entered 03/03/24 00:18:27    Desc Imaged
                       Certificate of Notice    Page 18 of 20
Page 3
Debtor:    Michael Sean Ragiel
Case No.:  23-12965 (CMG)
Caption:   Waiver of Santander Bank, N.A.'s Right to Receive Modified Disclosure
           Statement

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-12965-CMG |
| Michael Sean Ragiel | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 29, 2024 | Form ID: pdf903 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 02, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Michael Sean Ragiel, 198 Deer Haven Rd, Bedminster, NJ 07921-2522 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 02, 2024         Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 29, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aleisha Candace Jennings | on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing ajennings@raslg.com |
| Angela Catherine Pattison | on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING apattison@hillwallack.com apattison@ecf.courtdrive.com |
| Denise E. Carlon | on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Gavin Stewart | on behalf of Creditor Toyota Motor Credit Corporation bk@stewartlegalgroup.com |
| Geoffrey P. Neumann | on behalf of Debtor Michael Sean Ragiel geoff.neumann@gmail.com timothy.neumann25@gmail.com;btassillo@aol.com;esq.geoffreypn.b127774@notify.bestcase.com |
| Loren L. Speziale | |

| District/off: 0312-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Feb 29, 2024 | Form ID: pdf903 | Total Noticed: 1 |

on behalf of Creditor c/oLoren L. Speziale Santander Bank N.A. lspeziale@grossmcginley.com  jkacsur@grossmcginley.com

Margaret Mcgee

on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov

Maria Cozzini

on behalf of Creditor LoanCare  LLC mcozzini@sternlav.com

Timothy P. Neumann

on behalf of Debtor Michael Sean Ragiel timothy.neumann25@gmail.com
btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;geoff.neumann@gmail.com;neumann.timothyb127774@notify.bestcase.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 11